IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ANDREW W. MASSIH, individually and on behalf of a class of persons similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) ) Civil Action No. 3:07-cv-30 (CAR) |
| v. | ) ) |
| JIM MORAN & ASSOCIATES, INC., a foreign corporation, and J.M. FAMILY ENTERPRISES, INC., a foreign corporation, | ) ) ) ) ) |
| Defendants. | ) ) |

*ORDER ON DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS*

Plaintiff Andrew W. Massih, individually and on behalf of all other similarly situated policyholders of Guaranteed Auto Protection ("GAP") underwritten by Defendants ("Plaintiff"), brings this putative class action against Defendants Jim Moran & Associates, Inc. ("JM&A) and J.M. Family Enterprises, Inc. ("JMFE") for breach of contract; unjust enrichment; negligence; negligence per se; willful, wanton, and intentional misconduct; attorney's fees; and punitive damages. This case is presently before the Court upon Defendants' Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c). Upon due consideration of the pleadings, the arguments of counsel, and the relevant legal authorities, the Court **GRANTS** Defendants' Motion [Doc. 17], and this action is hereby **DISMISSED**.

**BACKGROUND**

1

Plaintiff originally filed this putative nationwide class action in the Superior Court of Clarke County, Georgia, seeking to recover an "unearned premium" relating to his participation in the Total Loss Protection Retail Installment Sales Contract Agreement Addendum when he bought an automobile from Jim Ellis Motors, Inc. ("Jim Ellis"). Defendants then removed the action to this Court pursuant to the Class Action Fairness Act. The facts as pled in the Complaint are as follows.

On April 23, 2003, Plaintiff purchased a 2003 Audi vehicle from Jim Ellis in Marietta, Georgia, by entering into an Retail Installment Sales Contract ("RISC") with Jim Ellis. The vehicle was financed through Audi Financial Services ("Audi Financial"), and in connection with that financing, Plaintiff executed a Promissory Note and Security Agreement ("the loan").

At the time he purchased the automobile, Plaintiff also purchased a Guaranteed Auto Protection policy ("GAP" policy), also known as a Total Loss Protection policy, which is administered by JM&A. Thus, Plaintiff entered into a Total Loss Protection Retail Installment Sales Contract Agreement Addendum ("TLP Contract"), which was made as an addendum to the RISC. The GAP policy is designed to pay off the balance of Plaintiff's loan, if any remained after payment of the primary physical damage insurance, if the vehicle became a constructive total loss while the loan was still in force. The GAP policy applies primarily to situations in which a purchaser's car is damaged and deemed a total loss, and an independent third party casualty insurance company's payment on this total loss is less than the amount owed under the RISC. This "gap" results in the purchaser owing money under the RISC, without the benefit of still having the use of the totaled car. Under the TLP Contract, the dealer would waive any

amount the purchaser is left owing on the RISC after application of all the casualty insurance monies, in effect forgiving this balance on the amount financed.

In this case, Plaintiff entered into the TLP Contract for the GAP policy with Jim Ellis, paying a single, one-time premium in the amount of $499.00 for the GAP coverage. Thus, the GAP coverage was prepaid in full and covered the entire scheduled term of the loan, terminating upon the termination of the underlying vehicle loan.

On or about August 16, 2004, Plaintiff paid the balance of the RISC to Audi Financial Services approximately twenty (20) months prior to the scheduled completion date of that RISC. Plaintiff claims that because he paid his loan off early, he is entitled to a return of unearned premium under the TLP Contract for the time period of August 17, 2004 through the remaining term that was left on the loan and TLP Contract at the time they terminated. Defendants did not return Plaintiff this unearned premium. Plaintiff alleges that Defendants intentionally administer, or fail to administer, these GAP policies in such a way as to avoid making refunds of unearned premiums to their policyholders when the loans terminate prior to their scheduled maturity dates.

## STANDARD OF REVIEW

Defendants bring the Motion at bar pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, which, in pertinent part, states that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). To obtain a judgment on the pleadings, the moving party must clearly establish that no material fact remains unresolved and that it is entitled to judgment as a matter of law. See Andrx Pharm., Inc., v. Elan Corp., PLC, 421 F.3d 1227, 1232-33 (11th Cir. 2005) ("Judgment on

the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noted facts."). The Court may grant the motion only if it appears beyond doubt that the nonmovant can prove no set of facts in support of his claim, which would entitle him to relief, or if material facts are undisputed and judgment on the merits is possible by merely considering the contents of the pleadings. See Harper v. Blockbuster Entertainment Corp., 139 F.3d 1385, 1387 (11th Cir. 1998). In ruling on a motion for judgment on the pleadings, the Court must view the complaint in the light most favorable to the plaintiff. In general, the plaintiff need not set forth all the facts upon which the claim is based; rather, a short and plain statement of the claim is sufficient if it gives the defendant fair notice of what the claim is and the grounds upon which it rests. Harris v. Procter & Gamble Cellulose Co., 72 F.3d 321, 324 (11th Cir. 1996).

Attachments to the pleadings may be considered under Federal Rule of Civil Procedure 12(c) so long as the documents are central to the plaintiff's claim and undisputed. Horsley v. Feldt, 304 F.3d 1125, 1134-35 (11th Cir. 2002).

## DISCUSSION

Defendants argue that the entire case should be dismissed for four reasons: (1) Defendants are not parties to the TLP Contract upon which the action is based; thus, neither Defendant is a party with whom Plaintiff is in privity, and therefore Plaintiff's claims fail; (2) The contract specifically requires that Plaintiff submit a "cancellation request" or, at minimum, a notice of cancellation as a condition precedent to any eligibility for refund; because Plaintiff does not plead that he submitted any such request, his claims are barred; (3) Even if the contract did not require a cancellation request, Georgia's common law duty of good faith and fair dealing

4

required such a cancellation request; and (4) The matter is not justiciable because an allegation that notice was provided or a cancellation request submitted is necessary to establish that there exists an injury in fact; the absence of such allegation warrants dismissal.

Defendants further argue that even if the Court does not dismiss this entire action for the reasons set forth above, the Court should dismiss (1) Plaintiff's tort claims based on Defendants' alleged negligence, negligence per se, and willful, wanton, and intentional misconduct must be dismissed because they are barred by Georgia's economic loss rule that a plaintiff may not recover in tort for purely economic damages arising from breach of contract; (2) Plaintiff's negligence per se claim must be dismissed because Plaintiff fails to assert the violation of a statute, which is a prerequisite under Georgia law to maintain such a claim; (3) Plaintiff's claim for willful, wanton, and intentional misconduct must be dismissed because Plaintiff has failed to assert that Defendants acted with intent to do harm or with conscious indifference in failing to refund a portion of the enrollment charge to Plaintiff; (4) Plaintiff's claim for attorneys' fees must be dismissed because Plaintiff fails to assert the necessary actions that would support entitlement to attorneys' fees pursuant to O.C.G.A. § 13-6-11; and (5) Plaintiff's claim for punitive damages must be dismissed because he fails to state a claim upon which punitive damages can be awarded.

Because the Court finds Plaintiff failed to provide notice of cancellation–a condition precedent to any obligation to make a refund–Defendants are entitled to judgment on the pleadings on Plaintiff's breach of contract claims, and the Court will not address Defendants' alternative arguments regarding privity, justiciability, and Georgia's implied duty of good faith

5

and fair dealing.  Regarding Plaintiff's alleged tort violations, the Court finds these are barred by Georgia's economic loss rule.

**Breach of Contract Claims**

Defendants argue that Plaintiff's breach of contract claims should be dismissed because the contract requires, as a condition precedent, that Plaintiff make a "cancellation request" or, at a minimum, provide notice of cancellation before any refund of a pro rata portion of his enrollment charge may be made; because Plaintiff failed to do this, he cannot prevail.  The Court agrees.

In Georgia, "[i]t is the function of the court to construe the contract as written and not to make a new contract for the parties." Georgia Magnetic Imaging v. Greene County Hosp. Auth., 219 Ga. App. 502, 504 (1995); see also Fernandes v. Manugistics Atlanta, 261 Ga. App. 429, 433 (2003) ("Neither the trial court nor this Court is at liberty to rewrite or revise a contract under the guise of construing it.").  Contract construction requires a three-step analysis.  See Mitchell v. Cambridge Property Owners Assn., 276 Ga. App. 326 , 327 (2005).  First, the court must determine if the contract language at issue is clear and unambiguous.  See id.  "If a contract contains no ambiguity, the court enforces the agreement according to its clear terms, and the contract alone is looked to for its meaning." Hammer Corp. v. Wade, 278 Ga. App. 214, 217 (2006).  If the contract is ambiguous, the court applies the rules of contract construction to resolve the ambiguity.  See id.  If the contract remains ambiguous after applying the rules of construction, the parties' intent then must be determined by a jury or other factfinder.  See id.  "Ambiguity exists when a contract is uncertain of meaning, duplicitous, and indistinct, or when a

6

word or phrase may be fairly understood in more than one way." Sheridan v. Crown Capital Corp., 251 Ga. App 314, 315 (2001).

The Court concludes that the TLP contract clearly states that in order to be eligible for a refund, Plaintiff must provide a cancellation request. The pertinent language of the TLP Contract states that

> Purchasers/Lessee may cancel this TLP Retail Installment Sales Contract/Lease Agreement Addendum at any point during the original term of the Retail Installment Sales Contract/Lease Agreement. A cancellation request within thirty (30) days of purchase is eligible for a refund. A cancellation request received after 30 days of purchase will be refunded using the pro rata method, unless otherwise required under applicable state law. If you cancel, dealer will refund the enrollment charge to the Lender/Lessor listed above.

The contract as written unambiguously requires that Plaintiff give notice of cancellation to be eligible for a refund. Notice of cancellation is therefore a condition precedent to the obligation to make a refund of any portion of the enrollment charge. "A condition precedent is one that must be performed before a contract becomes absolute and obligatory upon the other party." Hall v. Ross, 273 Ga. App. 811, 813 (2005). "Conditions precedent, which are not favored in interpreting contracts, are created by language such as 'on condition that,' 'if,' and 'provided,' or by explicit statements that certain events are to be construed as conditions precedent." Id. In determining whether a contract contains a condition precedent, the Court looks to the language of the agreement itself. Choate Constr. Co. v. Ideal Elec. Contractors, 246 Ga. App. 626, 628 (2000). "If the language is plain and unambiguous and the intent may be clearly gathered therefrom, we need look no further." Guthrie v. Guthrie, 277 Ga. 700, 703 (2004).

Here, the language is clear that the intent of the contract required Plaintiff to give notice of cancellation in order to be eligible for a refund. Plaintiff does not allege that he provided any

such notice to cancel his coverage and receive a refund for a portion of his enrollment charge. Thus, Plaintiff failed to satisfy the condition precedent to any obligation to make a refund.

Plaintiff's attempts to complicate and convolute the clear language of the contract fail. Plaintiff first tries to distinguish between cancellation of the contract and early termination of the contract. However, this is a distinction without a difference. Even upon early termination, the contract required Plaintiff to affirmatively provide notice of cancellation in order to receive a refund.

Next, Plaintiff argues that he satisfied the notice requirement of the contract by filing this lawsuit. Plaintiff bases his argument that pre-suit notice of cancellation is not a condition precedent to any eligibility for a refund on the Georgia Court of Appeals' decision in JMIC Life Ins. Co. v. Toole, 280 Ga. App. 372 (2006). Plaintiff's reliance on the Toole case, however, is also unavailing. First, the TLP Contract in the case at bar expressly requires that the holder request a cancellation and refund if he wishes to cancel the contract. In contract, the insurance policy at issue in Toole had no such requirement. Moreover, the Toole court concluded that JMIC had admitted that Toole's complaint sufficed as notice and held that JMIC had waived any argument that Toole had not complied with the notice requirement. In the present case, JM&A has made no such admission; on the contrary, JM&A has expressly denied that Plaintiff's lawsuit was a sufficient request for cancellation and return of any unearned premium. Finally, the Toole decision has no application to the case at bar because it turned, in part, on the construction and interpretation of O.C.G.A. § 33-31-9, which only applies to policies of "credit life insurance and credit accident and sickness insurance." The TLP Contract in this case is not a contract for credit insurance and therefore not subject to the provisions of O.C.G.A. § 33-31-9.

8

Because Plaintiff failed to provide notice of cancellation, thereby failing to satisfy the condition precedent to any obligation to make a refund, Plaintiff cannot recover under the terms of the TLP Contract; his breach of contract claims fail; and Defendants are entitled to judgment on the pleadings.

**Tort Claims**

Defendants argue that all of Plaintiffs' tort claims–negligence, negligence per se, and willful, wanton, and intentional misconduct–should be dismissed because Georgia's economic loss rule bars recovery. The economic loss rule provides that a plaintiff may not recover in tort for purely economic damages arising from a breach of contract. See, e.g., General Electric Co. v. Lowe's Home Centers, Inc., 279 Ga. 77, 78 (2005) ("The 'economic loss rule' generally provides that a contracting party who suffers purely economic losses must seek his remedy in contract and not in tort."). "Under the economic loss rule, a plaintiff can recover in tort only those economic losses resulting from injury to his person or damage to his property." Id. Defendants claim that Plaintiff does not allege the breach of any duty other than a duty he contends arises under the TLP contract, and thus his claims are barred by the economic loss rule. The Court agrees.

The facts in the Complaint do not present a valid claim of tort independent of the TLP Contract. Plaintiff alleges that Defendants breached a duty to refund his pro rata amount of the enrollment fee when he terminated his RISC early. The duty to make a refund arises from the TLP Contract. Plaintiff only seeks to recover that amount, which is a loss resulting from the contract, not a loss resulting from injury to his person or damage to his property. Because

Plaintiff does not allege the breach of any duty other than a duty he contends arises under the TLP Contract, his tort claims fail as a matter of law.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Judgment on the Pleadings [Doc. 17] is **GRANTED,** and this action is hereby **DISMISSED**.

**SO ORDERED**, this the 28th day of March, 2008.

S/ C. Ashley Royal
C. ASHLEY ROYAL
United States District Judge

SSH/scs