[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 08-11630
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 20, 2008
THOMAS K. KAHN
CLERK

D.C. Docket No. 07-00030-CV-CAR-3

ANDREW W. MASSIH, individually and on behalf
of a class of all person similarly situated,

Plaintiff-Appellant,

versus

JIM MORAN & ASSOCIATES, INC., a foreign corporation,
J.M. FAMILY ENTERPRISES, INC., a foreign corporation,

Defendants-Appellees.

Appeal from the United States District Court
for the Middle District of Georgia

(**November 20, 2008**)

Before MARCUS, WILSON and COX, Circuit Judges.

PER CURIAM:

In 2003, Plaintiff Andrew W. Massih purchased a new Audi automobile from Jim Ellis Motors, Inc. The sale was financed through a Retail Installment Sales Contract (RISC) with Audi Financial Services (Audi). Massih also paid Audi $499.00 to enroll in the Total Loss Protection Program (TLPP), memorialized in an addendum to the RISC ("the Addendum"). Pursuant to the terms of the Addendum, should Massih's automobile become a total loss and be valued at less than the remaining balance on the automobile loan, Audi agreed to waive the difference between the value of the car and the balance on the car loan, thereby releasing Massih from any remaining loan obligations. By the terms of the Addendum, Defendant Jim Moran & Associates, Inc. (JMA) was the TLPP administrator.

In August 2004, Plaintiff prepaid the automobile loan in full. In February 2007, Plaintiff filed a putative class action complaint against JMA, JM&A Group, and J.M. Family Enterprises, Inc., in the Superior Court of Clarke County, Georgia. The complaint alleged that all three Defendants owed Plaintiff and others like him return of unearned premium from the time that their loans were prepaid through the time that the loan would have been paid pursuant to the loan schedule. The causes of action alleged were breach of contract; unjust enrichment; negligence; negligence per se; and willful, wanton, and intentional

2

misconduct. Plaintiff sought actual damages, attorney's fees, and punitive damages on behalf of himself and the class. The Defendants removed the action to federal court. Plaintiff voluntarily dismissed JM&A Group as a defendant. JMA and J.M. Family Enterprises ("Defendants") moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

The district court granted Defendants judgment on the pleadings. The court dismissed the breach of contract claim because it found that the Addendum required Plaintiff to provide notice of cancellation before he would be entitled to any refund. Because Plaintiff had provided no such notice, Defendants had not breached any duty to Plaintiff. The court dismissed all of Plaintiff's other claims as barred by Georgia's economic loss rule. Plaintiff challenges on this appeal only the breach of contract judgment.

After careful review of the appellate briefs, the pleadings filed in the district court, and the Addendum, we agree with the district court that Plaintiff's breach of contract claim cannot survive. The district court correctly found that the Addendum is an unambigous contract that should be enforced according to its own clear terms. (R.2-35 at 7); *see also Guthrie v. Guthrie*, 594 S.E.2d 356, 358 (Ga. 2004) ("'If the language [of a contract] is plain and unambiguous and the intent may be clearly gathered therefrom, we need look no further.'" (*quoting Carlos v.*

3

*Lane*, 571 S.E.2d 736, 738 (Ga. 2002))). The Addendum itself provides the conditions under which Plaintiff was entitled to a refund. (R.2-26, Ex. A at 1.) Under those conditions, a refund was due only if Plaintiff made a request to cancel the Addendum "at any point during the original term of the retail installment sales contract/lease agreement." *Id.*

Nothing in the Addendum required Defendants to return any amount of monies to Plaintiff absent Plaintiff's cancellation of the Addendum during the term of the RISC. And, Plaintiff does not plead that he made a request to cancel the Addendum during the term of the RISC. Indeed, Plaintiff does not dispute that he made no such request. Thus, under the clear terms of the Addendum and the facts of this case, Defendants owed Plaintiff no refund.

We decline Plaintiff's invitation to treat the Addendum as a contract for insurance or to read into it obligations not set forth in the terms of the document.

AFFIRMED.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit
By: _____
Deputy Clerk
Atlanta, Georgia